**UNITED STATES of America**

v.

**W. Mark FELT and Edward S. Miller.**

**Crim. No. 78–00179.**

United States District Court, District of Columbia.

Aug. 20, 1980.

See also D.C., 502 F.Supp. 74.

## MEMORANDUM AND ORDER

BRYANT, Chief Judge.

On August 13, 1980, an *in camera* pretrial conference was held among the parties. Because of the number and range of motions considered and disposed of during the proceeding, a brief written order, amplifying the decisions agreed upon during the proceeding is appropriate. *See* Fed.R. Crim.P. 17.1.

a. *Defendant Miller's Motion to Dismiss Indictment Because of Denial of His Fifth and Sixth Amendment Rights*

The defendants assert that constitutionally impermissible restrictions have prevented willing FBI employees from providing information to defense counsel during pretrial interviews.[1] The restrictions are said to result from certain provisions of a memorandum prepared by FBI Director Webster and forwarded to FBI field offices in early 1979.[2] Defendant Miller argues that, as a

---

1. Defendant Felt has repeated these arguments in his Supplemental Memorandum In Support Of Defendant Felt's Motion To Relieve Counsel From Obligations To Protect National Security Information During Trial And For A Trial Continuance.

2. The memorandum advised FBI employees of the determinations of then Deputy Attorney

result of these restrictions, several FBI witnesses have expressed "confusion and doubt as to whether they could provide information [or testify about information]" they considered pertinent to inquiries by his counsel.

█ The occurrences and transactions underlying this case touch upon a number of classified and sensitive matters. Under such circumstances, it is essential to provide the defense with discovery of material information, while at the same time, preventing unwarranted disclosures jeopardizing national security. This was the premise underlying paragraph (8) of the Protective Order of December 26, 1978, which permitted redactions under certain conditions, and paragraphs (2)–(4) of the Supplementary Protective Order of November 5, 1979, which established judicial review to insure that any disputed redactions were appropriate. A similar approach governing pretrial interview testimony of cooperative FBI employees will provide the defense with "an equal opportunity to interview persons who have the information from which the truth may be determined," *Gregory v. United States*, 369 F.2d 185, 188 (D.C.Cir.1966), *cert. denied*, 396 U.S. 865, 90 S.Ct. 143, 24 L.Ed.2d 119 (1969) and allay defense concerns over inroads into fifth and sixth amendment guarantees.

█ At the pretrial conference, the government submitted a copy of a new directive from the Attorney General to Director Webster, essentially limiting any restriction on agent testimony only to the divulgence of information received from a foreign government intelligence service and the names of live sources. The directive also proposed a procedure permitting court review of documents mirroring testimony

containing foreign source material, for possible release to the defendants. It would appear that this approach accommodates defendants' needs if supplemented with the following provisions:

(a) If any present or former employee of the Department of Justice, consenting to a pretrial interview with defense counsel, believes that any information in his/her possession relevant to the issues in this case was received from a foreign government intelligence service, and is not contained in any identifiable document, such employee shall be permitted to contact an appropriate Bureau official, who will arrange to transcribe such employee's statement outside of the presence of defense counsel;

(b) Any statements transcribed pursuant to ¶ (a) shall be submitted to this court for *in camera, ex parte* review, accompanied by any statements prepared by the government, pursuant to Fed.R.Crim.P. 16(d)(1);

(c) After review of any statements, this court may direct the Bureau to release appropriate transcripts, or portions thereof, to defense counsel, to be stored in accordance with the Supplementary Protective Order of November 5, 1979;

(d) Defense counsel shall have an opportunity to interview an employee concerning the information contained in his/her transcripts, or portions thereof, released pursuant to paragraph (c).

b. *Government's Motion For Production of Statements of Defense Witnesses*

█ The government has asked for copies of all prior statements of any witnesses the defendants intend to call at trial. As support for the motion, the government cites *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) and pro-

---

General Civiletti and Director Webster not to enforce certain regulations governing pretrial interviews and disclosure of "Bureau work" with defense counsel. As presented by Mr. Civiletti, Bureau employees were free to discuss "any aspect of their Bureau work which relate to this case," but were directed not to provide "*information that would identify (a)*

confidential sources of the Bureau, or (b) the targets of Bureau technical surveillances or other sophisticated techniques used by the Bureau. However, all such targets in the Weatherman investigation may, of course, be identified." Director Webster added that "[c]are should be taken to avoid disclosing information

posed Fed.R.Crim.P. 26.2.[3] *Nobles* recognized that, under certain circumstances, the "federal judiciary's inherent power" over discovery at trial extended to the production of previously recorded statements of defense witnesses. 422 U.S. 231, 95 S.Ct. 2166. The Advisory Committee Notes indicate that proposed Rule 26.2 codifies *Nobles*.

The case and the rule are clear on one point: access is to be permitted after the defense witness has testified on direct examination. The government acknowledges this, but bases its claim for pretrial access on its own voluntary pretrial disclosure of previously recorded witness statements, the "reciprocal nature of Rule 26.2," and "the interest of expediting trial proceedings." Adherence to guidelines established by the Court (in *Nobles*) or Congress (in the proposed rule) governing the proper timing of disclosure is not a useless exercise in formalism. Requiring disclosure of previously recorded witness statements, prior to the defendant's actual presentation of witnesses at trial, not only touches on the sixth amendment guarantee of effective assistance of counsel, and work product protection, *Middleton v. United States*, 401 A.2d 109, 118–20 (D.C.App.1979) (decision of defendant to call witness to testify "[c]entral to the *Nobles* Court's rationale . . . concerning the principles of the Sixth Amendment and the work product doctrine . . . ."); it deprives the trial court of the proper factual context necessary to assess whether the requested statement, or a portion thereof, is "highly relevant to the critical issue of credibility," *United States v. Nobles*, 422 U.S. 225, 232, 95 S.Ct. 2160, 2167, 45 L.Ed.2d 141 (1975), or excisable under proposed Fed.R. Crim.P. 26.2(c). In short, the government has proposed a discovery timetable calling for an unwarranted departure from case law and Congressional precedent.

In light of the foregoing discussion, and the proceedings at the pretrial conference, it is hereby ORDERED that:

(a) Defendant Miller's Motion To Dismiss Indictment Because Of His Fifth And Sixth Amendment Rights is denied;

(b) The government's Motion For Production Of Statements Of Defense Witnesses is denied;

(c) Defendant Felt's Motion For An Order *In Limine* is denied in light of the continuance granted in the order of this court dated August 15, 1980; and

(d) The government's Motion For Inspection of Documents In Trial Form is granted to the extent that such inspection occurs as directed by this court immediately prior to and during trial.

---

which would compromise ongoing investigations."

3. Scheduled to become effective on December 1, 1980.